UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bruce Rankin,

          Plaintiff,

v.

Direct Recovery Services, LLC, et al.,

          Defendant.

Case No. 21-cv-1560 (MJD/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon the Court's Order to Show Cause. [Docket No. 61].

A Show Cause Hearing was held on February 21, 2023. (Minutes, [Docket No. 67]). At that time, and as more specifically discussed, infra, the issue on possible contempt and any potential sanctions was held in abeyance to give Defendant Direct Recovery Services, LLC one final opportunity to obtain legal counsel and to have its legal counsel make a formal appearance of record to negotiate settlement, and if unsuccessful, to file a responsive pleading to the operative Amended Complaint. (Id.).

For the reasons discussed below, the Court recommends that Defendant Direct Recovery Services, LLC be found in contempt, and that default judgment be entered against Defendant Direct Recovery Services, LLC.

**I.**     **Background**

On July 5, 2021, Plaintiff initiated this case by filing his initial Complaint against Defendants Direct Recovery Services, LLC ("Defendant DRS") and Celtic Bank Corporation ("Defendant Celtic

Bank") for purported violations of the Telephone Consumer Protection Act ("TPCA") and the Fair Debt Collection Practices Act ("FDCPA").  (Complaint, [Docket No. 1]).  On December 1, 2021, Defendant DRS waived service of process, setting its deadline to answer or otherwise respond to the Complaint by January 31, 2022.  [Docket Nos. 6, 8].[1]  However, by January 31, 2022, Defendant DRS had not responded to the Complaint or otherwise entered an appearance.  [Docket No. 8].

On March 16, 2022, the Court directed Plaintiff to inform Defendant DRS to file a responsive pleading or move for an extension of time to do so.  [Docket No. 18].  However, after meeting and conferring with counsel for Defendant DRS regarding its obligation to answer or otherwise respond to the Complaint, no such responsive pleading was filed.  (See Declaration of Adam R. Strauss ("Strauss Decl."), [Docket No. 20], at ¶¶ 6-8).  Accordingly, Plaintiff filed an application for clerk's entry of default against Defendant DRS on March 27, 2022.  (Application for Entry of Default, [Docket No. 19]; see also Declaration of Adam R. Strauss ("Strauss Decl."), [Docket No. 20], at ¶¶ 6-8).  Thereafter, on May 10, 2022, Plaintiff filed a Motion for Default Judgment against Defendant DRS.  [Docket No. 26].

Plaintiff subsequently filed the operative Amended Complaint to substitute Defendant Celtic Bank with DNF Associations, LLC ("Defendant DNF"), which Defendant DNF timely answered. (Amended Complaint, [Docket No. 45]; Answer, [Docket No. 49]).  At that point, however, no attorney appearance had yet been entered on Defendant DRS's behalf, and no filings were made by Defendant DRS.

On August 3, 2022, the Honorable Michael J. Davis held a Motions hearing on Plaintiff's Motion for Default Judgment.  (Minutes, [Docket No. 53]).  Counsel for Plaintiff and counsel for

---

[1] Defendant Celtic Bank also waived service of process, and it filed its Answer to the Complaint on January 31, 2022. [Docket Nos. 6, 16].

Defendant DNF appeared, as well as, an employee for Defendant DRS, Bruce Frank.[2]  (Id.).  The Court denied Plaintiff's Motion for Default Judgment, without prejudice, and granted the parties thirty (30) days to negotiate a settlement or else be referred to the Honorable James M. Rosenbaum, Special Master, for settlement.  (Minutes, [Docket No. 53]; Order, [Docket No. 54]).  Following unsuccessful informal settlement attempts between the parties, the case was ultimately referred to Special Master Rosenbaum on October 17, 2022.  [Docket Nos. 56-59].

On November 21, 2022, this Court issued an Order informing Defendant DRS that as a business entity it could not appear and defend in this action pro se (the "November 21st Order"). [Docket No. 60, n.1].  Further, the November 21st Order directed Defendant DRS to retain legal counsel and have them make a formal appearance of record in this case no later than December 9, 2022.  [Docket No. 60, pp. 2-3].  On December 30, 2022, because no appearance of record by any legal counsel on behalf of Defendant DRS had been made, this Court issued an Order to Show Cause and scheduled a Show Cause Hearing for January 20, 2023.  [Docket No. 61].

On January 17, 2023, Defendant DRS's employee, Mr. Frank, filed a letter, [Docket No. 62], requesting a thirty (30) day continuance of the January 20th Show Cause Hearing because of a scheduling conflict. As such, the Court rescheduled the Show Cause Hearing for February 21, 2023. [Docket No. 65].

As noted above, the Court held a Show Cause Hearing on February 21, 2023, wherein Plaintiff's counsel and Defendant DNF's counsel appeared, as well as, Defendant DRS's employee, Mr. Frank.  (Minutes, [Docket No. 67]).[3]

At the hearing, Mr. Frank represented that the procedural history which led to Plaintiff filing his Motion for Default Judgment, [Docket No. 26], occurred under prior ownership, and despite

---

[2] At the Show Cause Hearing on February 21, 2023, Mr. Frank described his role as an employee of DRS as being its chief legal officer.  See February 21, 2023, Show Cause Hearing Digital Record, at 3:02:42-3:03:17.
[3] See fn. 2, supra.

3

ceasing its operations in August 2022 for lack of capital, Defendant DRS has not dissolved and is in good standing with the State of Minnesota. (See February 21, 2023, Show Cause Hearing Digital Record, at 3:12:20-3:13:09). Further, Mr. Frank represented that, while the lack of capital has prevented Defendant DRS from retaining legal counsel, it has engaged in informal settlement discussions with Plaintiff and is willing to participate in settlement negotiations with the Special Master. (Id.). Lastly, Mr. Frank represented that, upon information and belief, as of February 21st, Defendant DRS would have sufficient capital to hire legal counsel within the following thirty (30) days and have them file a formal appearance of record on its behalf. (Id. at 3:15:29-3:16-58). Accordingly, Mr. Frank requested a further continuance of the Show Cause Hearing to allow more time for the company to be funded and to retain legal counsel.

In reliance on statements of Defendant DRS's employee, the undersigned announced at the conclusion of the Show Cause Hearing that the Report and Recommendation on the issue of possible contempt and any potential sanctions for failing to comply with the Court's November 21st Order would be held in abeyance pending, among other things, that legal counsel for DRS make a formal appearance of record for Defendant DRS no later than March 31, 2023. (Id.).

As of the date of this Report and Recommendation, no appearance of record by any legal counsel on behalf of Defendant DRS has ever been made in this case.

## II.  Discussion

### A. Contempt Finding

This Court has the authority to hold a party in contempt. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge . . . shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection"); Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir.2000) ("In a proceeding before a magistrate judge, disobedience of a lawful order shall constitute a contempt

4

of the district court for the district wherein the magistrate is sitting") (citing 28 U.S.C. § 636(e)) (internal quotation omitted).

"Civil . . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Chicago Truck Drivers, 207 F.3d at 505 ("Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both."). However, "[b]efore a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." Hazen v. Reagan, 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted).

Here, the Court's November 21st Order requiring that Defendant DRS retain legal counsel and have them make a formal appearance of record no later than December 9, 2022, was a reasonably specific court order of which Defendant DRS had actual knowledge. However, despite this knowledge, Defendant DRS neither complied with the November 21st Order, nor demonstrated that it was unable to comply with the Order. See United States v. Santee Sioux Tribe of Neb., 254 F.3d 728, 736 (8th Cir. 2001) (providing that a party claiming the inability to comply must demonstrate "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply."); see also Chicago Truck Drivers, 207 F.3d at 506; Open Access Tech., 527 F.Supp.2d at 912.

The same is true for the directions given by the undersigned from the bench at the February 21st Show Cause Hearing, wherein this Report and Recommendation would be held in abeyance based on the representations of the employee of Defendant DRS and it was given the opportunity to retain legal counsel and have them make a formal appearance of record no later than March 31, 2023. Defendant DRS's employee, Mr. Frank, was present at the February 21st Show Cause Hearing, and

he acknowledged the undersigned's reasonably specific order. However, despite this, Defendant DRS has yet again failed to have legal counsel make an appearance on its behalf, nor has Defendant DRS presented evidence to establish any of the factors considered in establishing an inability defense. See Edeh v. Carruthers, Civil No. 10-2860 (RJK/JSM), 2011 WL 4808194, at *3 (D. Minn. Sept. 20, 2011) (finding that where the defendant "made no appearance in connection with the [relevant court orders] and has had no communication with the Court or plaintiff, no evidence ha[d] been presented to establish any of the grounds for 'present inability' to comply").

Therefore, the Court has little choice but to recommend that Defendant DRS be found in civil contempt.

### B. Sanctions

Having recommended that Defendant DRS be found in civil contempt, the Court recommends the appropriate civil contempt sanction be an entry of default judgment. See Gallagher vs Magner, 619 F.3d 823, 844 (8th Cir. 2010) (quoting Chambers vs NASCO, Inc., 501 U.S. 32, 44-45 (1991)) ("District courts have the inherent power to 'fashion an appropriate sanction for conduct which abuses the judicial process.'").

When imposing a civil contempt sanction, the record must reflect that the Court considered the following four factors: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." Edeh, 2011 U.S. Dist. LEXIS 118210, at *9 (citing United Mine Workers, 330 U.S. at 303–04).

The first factor concerns the contemnor's continued defiance and the harm it causes. In the present case, the harm is unnecessary delay that impedes the Plaintiff's ability to prosecute his case. Although Defendant DRS waived service of process, it has not, to date, had legal counsel make a formal appearance of record on its behalf, nor has it filed a responsive pleading to the operative

6

Amended Complaint or otherwise filed a single written submission in this case. Indeed, as noted in the November 21st Order, as a business entity, Defendant DRS cannot appear and defend itself in this action. Under these circumstances, Defendant DRS's continued refusal to comply with this Court's Orders to obtain legal counsel necessitates an entry of default judgment.

The second factor concerns whether the proposed contempt sanction is appropriate. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." Chicago Truck Drivers, 207 F.3d at 505. Here, because the Court has little reason to believe that civil contempt alone will coerce Defendant DRS to obtain legal counsel in light of its repeated and continued refusal to comply with the Court's Orders, the Court finds that the appropriate sanction is an entry of default judgment. See Country Inns & Suites By Carlson, Inc. v. UMIYA Hospitalities, L.L.C., 12-cv-1488 (DSD/JJK), 2014 WL 12603062, *5 (D. Minn. Jan. 31, 2014) ("'Default judgment is appropriate where the party against whom the judgment is sought has engaged in "willful violations of court rules, contumacious conduct, or intentional delays."'").

The third factor concerns the contemnor's financial resources and the burden that the proposed sanction would impose. The Amended Complaint asserts that Defendant DRS is a debt collector, but there is no evidence in the record of Defendant DRS's financial resources. (Amended Complaint, [Docket No.], at ¶ 19).

The final factor concerns the willfulness of the contemnor in disregarding the Court's Orders. Here, the record demonstrates that Defendant DRS had both constructive and actual knowledge of each of the relevant motions and Orders. Moreover, the record demonstrates again that Defendant DRS has not obtained legal counsel to formally appear on Defendant DRS's behalf nor filed a single written submission to the Court in nearly two (2) years since Plaintiff filed his Complaint. Therefore,

7

the record unequivocally demonstrates that Defendant DRS "continues to flout the Court's orders [ ] by refusing to comply." Edeh, 2011 WL 4808194, at *4.

Accordingly, the Court concludes that an entry of default judgment against Defendant DRS is the appropriate sanction for its contempt.

### III. Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant Direct Recovery Services, LLC, be found in contempt of court; and

2. An entry of default judgment be entered against Defendant Direct Recover Services, LLC.

Dated: April 7, 2023                                s/Leo I. Brisbois
                                                    Hon. Leo I. Brisbois
                                                    United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).