UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRUCE RANKIN,
On behalf of himself and
others similarly situated,

        Plaintiff,

v.

DIRECT RECOVERY SERVICES, LLC,
and
DNF ASSOCIATES, LLC,

        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND ORDERING PARTIES TO MEDIATION AND TO BEGIN PROSECUTING THIS CASE**

Civil File No. 21-1560 (MJD/LIB)

Adam Strauss & Benjamin William Tarshish, Tarshish Cody, PLC; Amy L. Wells, Wells Law Office, Inc.; James A. Francis & Lauren K.W. Brennan, Francis Mailman Soumilas, P.C., Counsel for Plaintiff.

No appearance on behalf of Defendant Direct Recovery Services, LLC.

Brendan H. Little, Lippes Mathias LLP, Kiralyn Locke and Patrick D Newman Bassford Remele, PA, on behalf of Defendant DNF Associates, LLC.

I.     INTRODUCTION

This matter is before the Court on the Report and Recommendation by United States Magistrate Judge Leo I. Brisbois, dated April 7, 2023. (Doc. 68 ("the

R&R").)  The R&R recommends that Defendant Direct Recovery Services ("Direct Recovery") be found in contempt of court for failing to obtain legal counsel to formally appear on its behalf to negotiate settlement and, if unsuccessful, to file a responsive pleading to the Amended Complaint, and that an entry of default judgment be entered against Direct Recovery as a sanction for this contempt.  (Id. at 8.)

## II. BACKGROUND

### A. Factual Background

This is a putative class action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  This action is also brought as an individual claim pursuant to the Fair Debt Collection Practices Act ("the FDCPA").

Plaintiff Bruce Rankin ("Rankin") alleges that in an effort to collect on an unpaid balance on Rankin's brother's Celtic Bank Indigo Mastercard, Direct Recovery placed robocalls to Rankin's cellphone.  (Doc. 45 ("Amend. Compl.") ¶¶ 1-2, 9, 15-16.)  Rankin states that these calls to his cellphone and the cellphones of other class members caused them aggravation and unwanted payments to cellphone carriers for receipt of these calls.  (Id.)  He alleges that these calls also invaded his and class members' privacy, were an intrusion upon

seclusion, caused diminished cellular battery life, and wasted data storage capacity.  (Id. ¶ 9.)

The Amended Complaint asserts class allegations on behalf of two putative classes: The No Consent Class and The "Stop Calling" Subclass.  (Id. ¶¶ 29-37.)   The Amended Complaint bases liability on, and seeks statutory and injunctive relief for, violations of the TCPA on behalf of Class Members and Rankin.  (Id. ¶¶ 38-48.)  The Amended Complaint also seeks liability for violations of the FDCPA on behalf of Rankin.  (Id. ¶¶ 49-53.)  For this violation, Rankin seeks statutory damages, actual damages, attorneys' fees and costs, and other relief.  (Id. ¶ 53.)

Prior to August 2020, Matthew Rankin, Rankin's brother, incurred a consumer debt on a Celtic Bank Indigo Mastercard.  (Doc. 27 (Pl. Br. in Supp. of Default) at 1 (citing Amend. Compl. ¶¶ 20, 25).)  Defendant DNF Associates ("DNF"), a debt collector, hired Direct Recovery to collect the debt.  (Amend. Compl. ¶¶ 19-20.)

During 2020 and 2021, Rankin alleges that Direct Recovery called him to attempt to collect his brother's debt without prior consent even though Rankin is not responsible for the debt.  (Id. ¶¶ 25, 28; Doc. 27 at 1-2.)  The Amended

Complaint alleges 9 phone calls between Rankin and Direct Recovery: 7 initiated by Direct Recovery, 5 of which were answered and one of which was a callback because a call Rankin initiated got disconnected.  (Id. ¶¶ 25a-j.)  Three were allegedly "robo calls."  (Id. ¶¶ 25g, i, j.)  Four of the calls from Direct Recovery were received after Rankin sent letters requesting that Direct Recovery stop calling his number.  (Id. ¶¶ 25g-j.)  The final call was apparently a misdial because the person on the other end of the line said they were looking for "[T.] Raskin."  (Id. ¶ 15j.)  Rankin called Direct Recovery twice, once being a callback in response to a "dead air" robo call.  (Id. ¶ 25c, j.)

### B.     Procedural Background

On March 27, 2022, Rankin filed an Application for Default with the Court and the Clerk of Court filed an Entry of Default against Direct Recovery on March 29, 2022.  (Docs. 20-22.)  On May 10, 2022, Rankin filed a Motion for Default Judgment against Direct Recovery.  (Doc. 26.)  On June 1, 2022, the Parties stipulated to dismissal of all claims against Defendant Celtic Bank with prejudice and Celtic Bank was dismissed as a party.  (Doc. 44.)  On June 6, 2022, Rankin filed an Amended Complaint, which differed from the original complaint only by substituting DNF for Celtic Bank.  (Doc. 45.)  On August 8, 2022, the Court denied Rankin's Motion for Default Judgment without prejudice and

4

ordered the Parties to work toward settlement.  (Doc. 54.)  On October 17, 2022, the Court appointed James M. Rosenbaum as Special Master in this case and ordered the Parties to contact Special Master Rosenbaum as soon as possible to schedule a mediation session.   (Doc. 59 at 1-2.)

After multiple opportunities to note appearance of counsel in the Record and failing to do so, Magistrate Judge Brisbois filed the R&R recommending the Court find Direct Recovery in contempt and that the Court issue default judgment against Direct Recovery as a sanction for its noncompliance with Court orders.  Direct Recovery did not file objections to the R&R.  DNF filed objections, which are discussed below.

### III.   DISCUSSION

#### A.   DNF's Objections to the R&R

On April 21, 2023, DNF filed objections to the R&R.  Rankin had until May 5, 2023 to file a response to DNF's objections but failed to do so.  Therefore, the Court assumes Rankin does not object to DNF's proposed resolution of the issues raised by its objections.

DNF agrees that the Court should find Direct Recovery in contempt and enter default judgment against Direct Recovery, but "has concerns" regarding entry of default judgment against Direct Recovery at this time because an early

5

entry of judgment could have ramifications for DNF since Rankin asserts DNF is jointly and severally liable for Direct Recovery's alleged conduct, allegations DNF denies.  (Doc. 69 at 1-2, 2 n.1.)   Therefore, DNF requests that entry of default be held in abeyance until the case is concluded as to DNF.  (Id. at 6.)

> **1.   Legal Standard for Default Judgment when Defendants are Alleged to be Jointly and Severally Liable and One Defendant Defaults**

Default judgments are not favored by the law.  United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).  Rather, there is a "judicial preference for adjudication on the merits."  Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (quotation omitted).  In this case, "[t]he Clerk of Court has entered a default against [Direct Recovery] and, as a result, Rule 55 of the Federal Rules of Civil Procedure authorizes this court to issue a judgment against [Direct Recovery]."  Reshare Com. LLC v. Close to My Heart, Inc., No. CIV. 10-1936 ADM/JJG, 2010 WL 5330871, at *1 (D. Minn. Dec. 21, 2010).

> The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court. Where multiple parties are co-defendants but less than all are in default, courts should refrain from issuing a default judgment that would create an "absurdity." Frow v. De La Vega, 82 U.S. 552, 554 (1872).  The Frow rule is typically limited to situations where the co-defendants are jointly and severally liable.  However, some courts

>have declined to issue a default where the liability of a non-defaulting party necessarily depends on the liability of the defaulting party.

Id. (most internal citations omitted).

Therefore, "[i]n cases where there are similarly situated co-defendants, inconsistent judgments will result if one defendant prevails on the merits and the other suffers a default judgment." Angelo Iafrate Constr., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Frow, 82 U.S. at 554). Accordingly, the "better approach to remedy this problem is for the courts to defer judgment against the defaulting party until the merits have been resolved." Geico Gen. Ins. Co. v. Henry, No. 2:06-cv-31, 2006 WL 3544381, at *2 (D.N.D. Nov. 21, 2006) (citing Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F2d 430, 433 (8th Cir. 1992)); see also Selective Way Ins. Co. v. The Glosson Grp., LLC, No. 1:17-CV-230, 2018 WL 11324388, at *2 (D.N.D. Sept. 24, 2018) (finding entry of default judgment against one defendant "improvidently granted," vacating default judgment, and deferring entry of default judgment pending resolution of case on the merits so as to avoid possibility of inconsistent judgments).

Procedurally, waiting to enter default judgment against similarly-situated defendants is prudent because a judgment on the merits for the answering party

7

"should accrue to the benefit of the defaulting party" to avoid inconsistent judgments. Angelo Iafrate, 370 F.3d at 722 (citing Bastien v. R. Rowland & Co., 631 F. Supp. 1554, 1561 (E.D. Mo. 1986), aff'd 815 F.2d 713 (8th Cir. 1987)); Selective Way Ins., 2018 WL 11324388, at *2 (same); 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2690 (4th ed. Apr. 2023 update) (noting that "a plaintiff who prevails on liability against the nondefaulting defendants is entitled to a judgment against both the defaulting and nondefaulting parties").

### 2. Analysis

Rankin does not object to DNF's proposal that the Court hold entry of default judgment in abeyance until resolution of the case on the merits. Moreover, although DNF asserts it is not jointly and severally liable for Direct Recovery's actions in this case, it is too early to decide that issue. At this point, all the Court has before it is the Amended Complaint, which states that DNF is jointly and severally liable along with Direct Recovery. (Amend. Compl. ¶¶ 22-23 (stating that in 2008, "the FCC issued a Declaratory Ruling stating that both a creditor and a third party debt collector may be liable under the TCPA for debt collection calls").) Thus, the Amended Complaint clearly ties DNF's liability to Direct Recovery's liability.

8

Therefore, this case can be distinguished from Reshare, in which the court granted default judgment to one defendant without waiting for resolution of the entire case on the merits. 2010 WL 5330871, at *1. In Reshare, the defendants were different companies all accused of infringing on the plaintiff's patent. The defendants (1) were not alleged to be jointly and severally liable; (2) the rights of one defendant did not arise from the rights of another defendant; and (3) resolution of the case would depend entirely upon "the necessary result of the patent process, where a patent is presumed valid until proven invalid by clear and convincing evidence." Id. Here, (1) Direct Recovery and DNF are alleged to be jointly and severally liable; (2) the rights (or at least liabilities) of DNF are alleged to arise from the actions of Direct Recovery; and (3) no separate legal process will be applied to the Defendants' cases. Thus, any judgment DNF receives will accrue to Direct Recovery. See Angelo Iafrate, 370 F.3d at 722; Selective Way Ins., 2018 WL 11324388, at *2.

### B.  Vicarious Liability

Although Rankin does not allege that DNF "is somehow vicariously liable for the alleged conduct of Direct Recovery," in what appears to be an abundance of caution, DNF also notes that courts have declined to enter default judgment against a defendant that has failed to participate in an action where the

9

remaining defendant is alleged to be vicariously liable for the defaulting party's conduct. (Doc. 69 at 5 (citing Leighton v. Homesite Ins. Co. of the Midwest, 580 F. Supp. 3d 330, 333 (E.D. Va. 2022) (stating that although plaintiff had not alleged joint or several liability, he presented each defendant's liability "as stemming from the same conduct," one defendant had a duty to indemnify the other one, and therefore a default judgment against one defendant was inappropriate because it risked issuance of inconsistent judgments); Toyo Tire & Rubber Co. v. CIA Wheel Grp., No. SACV 15-0246-DOC (DFMx), 2016 WL 11383227, at *10 (C.D. Cal. Nov. 9, 2016) (holding entry of default judgment against one defendant in abeyance because claims against remaining defendants were "essentially the same" as claims against the defaulter, which risked inconsistent outcomes for similarly situated co-defendants).)

The Eighth Circuit noted that although Frow was a joint and several liability case, "the principle on which Frow relies is that logically inconsistent verdicts should be avoided. Although joint liability is one circumstance in which such inconsistency may arise, it is not the only one." United States ex rel. Costner v. United States, 56 F. App'x 287, 288 (8th Cir. 2003) (unpublished opinion) (citing Bastien, 631 F. Supp. at 1561 (affirming without opinion district

10

court order denying motion for default judgment because entry of default would have created an "inconsistent and unsupportable" result); Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3rd Cir. 1986) ("We believe that Frow stands for the proposition that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendants, even though it failed to participate in the proceeding in which the exculpatory facts were proved.") (cleaned up); 10A Wright et al., Federal Practice and Procedure § 2690 ("Although the rule developed in the Frow case applies when the liability is joint and several, it probably can be extended to situations in which several defendants have closely related defenses.")).

The Court agrees that if, for some reason, Rankin asserts that DNF is vicariously liable for Direct Recovery's actions, this would further support the Court's decision to hold entry of default judgment in abeyance.

### C.   Moving the Case Forward

Unless the Parties are conducting discovery without Court involvement, the only real work that has been done on this case since it was filed has been dismissing Celtic Bank as a defendant and filing the Amended Complaint

11

naming DNF as a defendant.  Other than that, almost all docket entries pertain to getting Direct Recovery to obtain counsel and/or comply with Court orders.

On May 10, 2022, Rankin filed a solo Rule 26(f) Report while he was in the process of drafting the Amended Complaint.  (Doc. 24.)  The relevant discovery deadlines proposed in Rankin's 26(f) Report have elapsed without the report being adopted into an order.  On May 11, 2022, Rankin filed a letter to the Court requesting that the Court stay any scheduling deadlines and/or issuance of a Scheduling Order until his then-pending motions were resolved and DNF had appeared in the action.  (Doc. 35 at 2.)  DNF has now appeared in this action and filed its Answer and this Order resolves the final motion that was pending at the time Rankin filed his letter.  Accordingly, it is time to move the case forward.  To that end, the Court notes that the Parties have not contacted Special Master Rosenbaum to schedule a mediation despite being ordered to do so on October 17, 2022.  (Doc. 59.)

IV. **ORDER**

Based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1.    The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated April 7, 2023 **(Doc. 68) WITH THE FOLLOWING MODIFICATION**:

    (a)    The Court **ADOPTS the Report and Recommendation as to a finding of contempt against Defendant Direct Recovery Services, LLC**;

    (b)    The Court **ADOPTS the Report and Recommendation as to a finding that entry of default judgment is the appropriate sanction for Defendant Direct Recovery Services, LLC's contempt**; and

    (c)    The Court **MODIFIES the Report and Recommendation by holding entry of default judgment against Defendant Direct Recovery Services, LLC in abeyance until resolution of the case on the merits**.

**2.** **Within 1 week** of entry of this Order, the Parties must contact Special Master Rosenbaum to schedule a private mediation (See the Court's October 17, 2022 Order (Doc. 59) for specifics); and

**3.** **Within 2 weeks** of entry of this Order, the Parties must submit a joint Rule 26(f) Report to Judge Brisbois and contact Judge Brisbois' chambers to schedule a Rule 16 Scheduling Conference.

Dated:  May 23, 2023                                    s/Michael J. Davis
                                                        Michael J. Davis
                                                        United States District Court